THE MINNEQUA BANK OF PUEBLO, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Minnequa Bank of Pueblo v. Commissioner
Docket Nos. 2866-79, 2867-79, 2868-79, 2869-79.
United States Tax Court
T.C. Memo 1982-86; 1982 Tax Ct. Memo LEXIS 663; 43 T.C.M. (CCH) 591; T.C.M. (RIA) 82086; February 18, 1982. Douglas M. Cain and Greg Schlender, for the petitioners. Marvin T. Scott, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Petitioner
Year
Deficiency
The Minnequa Bank
1974
$ 30,173.17
of Pueblo
1975
5,659.77
The Bank of Aspen
1974
15,557.90
1975
6,184.32
First National Bank
1974
26,659.33
of Durango
1975
5,741.47
Bank of Monte Vista
1974
7,262.40
1975
18,451.62
After concessions, the only issue is whether certain of the petitioners are component members of a controlled group of corporations within the meaning of section 1563. [2]
These cases are consolidated for trial, briefing, and opinion. All facts have been stipulated and are found accordingly. Petitioners, The Minnequa Bank of Pueblo, The Bank of Aspen, the First National Bank of Durango, and the Bank of Monte Vista, are all Colorado corporations. When their respective *665 petitions were filed herein, each had its principal office in Colorado. As of December 31, 1974, and December 31, 1975, only three persons held stock, either directly or indirectly, in both The Minnequa Bank of Pueblo and The Bank of Aspen. Those three persons owned less than 80 percent of the stock of either bank in either year. However, two other persons held stock, either directly or indirectly, in only one of the two banks. If those two persons are considered, four persons owned more than 80 percent of the stock of each bank during both years. As of December 31, 1974, and December 31, 1975, only three persons held stock, either directly or indirectly, in both the Bank of Monte Vista and the First National Bank of Durango. Those three persons owned less than 80 percent of the stock of the Bank of Monte Vista in 1974 and 1975 and slightly more than 80 percent of the First National Bank of Durango in those years. However, a fourth person owned stock, either directly or indirectly, in only the Bank of Monte Vista. If that fourth person is considered, four persons owned more than 80 percent of the stock of the Bank of Monte Vista in 1974 and 1975. In his statutory notices *666 of deficiency, respondent determined The Minnequa Bank of Pueblo and The Bank of Aspen were members of a "controlled group of corporations" and, thus, were only entitled to a single surtax exemption between them. Thus, he disallowed one-half of the surtax exemption claimed by each on its 1974 and 1975 Federal income tax returns. He made the same determination with respect to the Bank of Monte Vista and the First National Bank of Durango. The resolution of this case turns on whether The Minnequa Bank of Pueblo and The Bank of Aspen were members of a "controlled group of corporations" and whether the Bank of Monte Vista and the First National Bank of Durango were members of a "controlled group of corporations" during the years in issue. If either pair of petitioners were such a group, it is clear each pair was entitled to a single surtax exemption during those years. See sec. 1561(a)(1). Whether either pair was a "controlled group of corporations" depends on the interpretation to be given section 1563(a)(2)(A) which provides a "controlled group of corporations" includes: Two or more corporations if 5 or fewer persons who are individuals, estate, or trusts own * * * stock *667 possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, * * * [3]
Thus, in order to fall within the section 1563(a)(2) definition of a "controlled group of corporations," 5 or fewer persons must possess either 80 percent of the voting power or 80 percent of the total shares of each corporation. Respondent maintains the 80 percent test was met during the years in issue with respect to each pair of petitioners simply because 80 percent of each corporation-petitioner was owned by 5 or fewer individuals. Relying on section 1.1563-1 (a)(3), Income Tax Regs., he contends it does not matter that the same 5 or fewer persons did not own 80 percent of each corporation-petitioner in either pair. Petitioners argue the 80 percent test requires the same persons to own 80 percent *668 of each corporation before a controlled group exists within the meaning of the statute. We agree with petitioners. Following a sharp division between the courts as to the proper reading of section 1563(a)(2), the United States Supreme Court held the 80 percent test contains a common-ownership requirement. United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982). See also B & M InvestorsCorporation v. Commissioner, 78 T.C.     (Jan. 29, 1982). Thus, only shareholders owning stock in each corporation may be considered for purposes of the 80 percent test. Given that rule, dneither of the corporation-petitioner pairs herein fell within the section 1563(a)(2) definition of a "controlled group of corporations," during the years in issue. Accordingly, Decisions will be entered under Rule 155.
Footnotes
1. Cases of the following petitioners are consolidated herewith: The Bank of Aspen, docket No. 2867-79; First National Bank of Durango, docket No. 2868-79; and Bank of Monte Vista, docket No. 2869-79.↩
2. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. The parties agree the 50 percent test of sec. 1563(a)(2)(B) was met during the years in issue with respect to each pair of petitioners. That test considers stock ownership only to the extent it is identical with respect to each corporation.↩